United States District Court
Southern District of Texas
**ENTERED**
April 04, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY PRATT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-18-2293 |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
| SUCCESSORS IN INTEREST, | § | |
| | § | |
| Defendant. | § | |

ORDER

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support (Document No. 15). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

I. BACKGROUND

This is a mortgage foreclosure case concerning property located at 19638 Green Oasis Court, Katy, Texas 77449 (the "Property"). On November 19, 2013, Plaintiff Anthony Pratt ("Pratt") executed a promissory note (the "Note") in favor of Network Funding, LP. On the same day, Pratt executed a Deed of Trust to secure the Note ("Deed of Trust") (Note and Dead of Trust collectively, the "Loan"). On January 19, 2016, Network Funding, LP assigned the Deed of Trust to

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Wells Fargo is the mortgage servicer of the Loan.

On May 31, 2018, Pratt filed this lawsuit in the 295th Judicial District Court of Harris County, Texas and obtained a Temporary Restraining Order ("TRO") to avoid foreclosure. On July 5, 2018, Wells Fargo removed the case to this Court. Pratt asserts two causes of action: (1) improper acceleration; and (2) quiet title. Pratt also seeks a declaratory judgment and injunctive relief. On December 5, 2018, Wells Fargo moved for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n. 30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings,

but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. LAW & ANALYSIS

*A.   Improper Acceleration*

Pratt brings a general claim for improper acceleration against Wells Fargo. Specifically, Pratt asserts claims that he did not receive a notice of default nor a notice of acceleration.[1] Wells Fargo contends summary judgment is proper on both the no notice of default and no notice of acceleration claims. The Court addresses each claim in turn.

*1.   No Notice of Default*

Pratt contends he did not receive notice of default as required by Texas law. Wells Fargo contends summary judgment is proper because there is not a private cause of action for the no notice of default claim and no foreclosure occurred.

The minimum requirements for a notice of default are found within Texas Property Code § 51.002, which provides rules for a sale of real property under a contract lien. Tex. Prop. Code § 51.002. It requires the mortgage servicer of the debt to provide notice of the sale at least twenty-one days before the date of the sale. Tex. Prop. Code § 51.002(b). It also requires that the mortgage servicer serve

---

[1] *See Plaintiff's Original Petition, Application for Temporary Restraining Order and Temporary Injunction, and Request for Disclosures*, Document No. 1-10, ¶ 17; *Plaintiff's Response to Defendant's Motion for Summary Judgment*, Document 17, at 3.

the "debtor in default . . . with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under subsection (b). Tex. Prop. Code § 51.002(d). However, Section 51.002 does not provide a private right of action. *Carey v. Wells Fargo, N.A.*, No. CV H-15-1666, 2016 WL 4246997, at *2–3 (S.D. Tex. Aug. 11, 2016) (Miller, J.). Therefore, courts construe a claim for violations of section 51.002 as a claim for wrongful foreclosure. *Id.* Under Texas law, to recover on a claim for wrongful foreclosure, a plaintiff must prove: "(i) a defect in the foreclosure sale proceedings; (ii) a grossly inadequate selling price; and (iii) a causal connection between the defect and the grossly inadequate selling price." *Miller v. BAC Home Mortgages Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (internal quotation marks omitted). Texas does not recognize a cause of action for attempted wrongful foreclosure. *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446–47 (5th Cir. 2013); *Owens v. BAC Home Mortgages Servicing, L.P.*, No. 11-2742, 2012 WL 1494231, at *3 (S.D. Tex. Apr. 27, 2012) (Rosenthal, J.).

It is undisputed the Property has not been foreclosed upon. Therefore, there is no genuine dispute of material fact that the elements of a wrongful foreclosure

cause of action cannot be met. Accordingly, Wells Fargo's motion for summary judgment is granted as to Pratt's no notice of default claim.[2]

## 2. *No Notice of Acceleration*

Pratt contends that he did not receive notice of acceleration as required by Texas law. Wells Fargo contends that summary judgment is proper because the notice of acceleration was sent to Pratt at the Property address by certified mail, return receipt requested.

To exercise an option to accelerate, the lender must give the borrower both notice of intent to accelerate and notice of acceleration, and in the proper sequence. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). If the default has not been cured by the deadline established in the notice of intent to accelerate, the lender must then give notice of acceleration. *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233–34 (Tex. 1982). A lender may give notice of acceleration by expressly declaring the entire debt due or by taking some other unequivocal action indicating the debt is accelerated. *Joy Corp. v. Nob Hill N. Props., Ltd.*, 543 S.W.2d 691, 694–95 (Tex. Civ. App.—Tyler 1976, no writ). So long as it is preceded by the required notice of intent to accelerate, notice of a foreclosure sale constitutes unequivocal action indicating the debt is accelerated.

---

[2] Wells Fargo also contends summary judgment on Pratt's no notice of default claim is proper because Wells Fargo sent the proper notices. In light of the Court's order, however, the Court need not address this contention.

*McLemore v. Pacific Southwest Bank, FSB*, 872 S.W.2d 286, 291 (Tex. Civ. App.—Texarkana Feb. 14, 1994).

In support of its motion for summary judgment, Wells Fargo presents the following evidence: (1) a notice of acceleration and foreclosure sale dated April 5, 2018;[3] and (2) the declaration of Elizabeth Hayes—counsel for Wells Fargo—stating that a notice of acceleration and foreclosure sale was sent to Pratt at the Property address by first-class, certified mail, return receipt requested.[4] Pratt does not provide any evidence to contest any of the summary judgment evidence submitted by Wells Fargo.[5] The Court therefore finds Pratt fails to raise a genuine issue of material fact as to whether Wells Fargo sent Pratt a notice of acceleration. Accordingly, Wells Fargo's motion for summary judgment is granted as to Pratt's no notice of acceleration claim.

B.     *Quiet Title*

Pratt contends Wells Fargo's lien and purported right to foreclose constitutes a cloud on his superior title by virtue of his recorded deed. Wells Fargo contends

---

[3] *Defendant Wells Fargo Bank, N.A.'s Appendix in Support of Motion for Summary Judgment*, Document No. 16-1, Ex. B.1, at 66–67.

[4] *Defendant Wells Fargo Bank, N.A.'s Appendix in Support of Motion for Summary Judgment*, Document No. 16-1, Ex. B, at 62–64.

[5] The Court notes the same notice of acceleration and foreclosure sale presented by Wells Fargo is attached to Pratt's original complaint as an exhibit. *Plaintiff's Original Petition, Application for Temporary Restraining Order and Temporary Injunction, and Request for Disclosures*, Document No. 1-10, Ex. 2, at 26.

summary judgment is proper because Pratt has not tendered the amount owed on the Note.

The elements of a cause of action to quiet title require a plaintiff to show "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.); *see also Martinez v. Universal Am. Mortgage Comp, LLC*, No. 4:14-CV-1285, 2015 WL 12839152, at *4 (S.D. Tex. Mar. 13, 2015) (Harmon, J.). A plaintiff must prove he or she has superior title to the property in question. *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 383 (5th Cir. 2014). Thus, the plaintiff "must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322–27 (Tex. App.—Corpus Christi 2001, no pet.). Furthermore, "Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'" *Cook-Bell v. Mortgage Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (Fish, J.) (quoting *Fillion v. David Silvers Company*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)).

In support of its motion for summary judgment, Wells Fargo presents the following evidence: (1) a notice of default dated May 17, 2017;[6] (2) the loan payment history;[7] and (3) the declaration of Shae Smith—Vice President of Loan Documentation for Wells Fargo—stating that a notice of default was sent to Pratt at the Property address by certified mail, return receipt requested and that Pratt has not cured the default identified in the notice of default.[8] Pratt does not produce any evidence to indicate that he has paid the Note or is current in making payments on the Note. The Court therefore finds Pratt fails to raise a genuine issue of material fact as to whether he has superior title to the Property. Accordingly, Wells Fargo's motion for summary judgment is granted as to Pratt's claim to quiet title.

C.  *Declaratory Judgment*

Pratt also requests a declaratory judgment that Wells Fargo does not have standing to foreclose on the Property and that Wells Fargo did not follow the proper procedure pursuant to the Deed of Trust. A request for declaratory judgment is not a cause of action and thus cannot stand alone. *Collin Cty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171–72

---

[6] *Defendant Wells Fargo Bank, N.A.'s Appendix in Support of Motion for Summary Judgment*, Document No. 16-1, Ex. A.2, at 12–13.

[7] *Defendant Wells Fargo Bank, N.A.'s Appendix in Support of Motion for Summary Judgment*, Document No. 16-1, Ex. A.3, at 15–60.

[8] *Defendant Wells Fargo Bank, N.A.'s Appendix in Support of Motion for Summary Judgment*, Document No. 16-1, Ex. A, at 2–3.

(5th Cir. 1990). Having granted summary judgment on all of Pratt's claims, the Court denies Pratt's request for declaratory judgment. Accordingly, Wells Fargo's motion for summary judgment is granted as to Pratt's request for a declaratory judgment.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support (Document No. 15) is **GRANTED.**

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, on this 4 day of April, 2019.

DAVID HITTNER
United States District Judge